**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Eric VON STEPHENS,
Defendant-Appellant.**

No. 85–1018.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 12, 1985.

Decided Oct. 25, 1985.

**1412**

Eb Luckel, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

Nina Wilder, Doran Weinberg, Larson & Weinberg, San Francisco, Cal., for defendant-appellant.

## OPINION

Before CHOY, HUG, and SCHROEDER, Circuit Judges.

PER CURIAM:

Eric Von Stephens unlawfully received and cashed Aid to Families with Dependent Children (AFDC) warrants unlawfully issued by a county in his name through the help of a social services employee. Von Stephens was indicted for theft of government property, 18 U.S.C. § 641.[1] He moved to dismiss the indictment contending that control of his crime was reserved to the states under the tenth amendment and

---

1. 18 U.S.C. § 641 states, inter alia,:

Whoever embezzles, steals, purloins, or knowingly converts to his use ..., or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof ...; or

Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted—Shall be fined ... or imprisoned....

that he did not steal United States property. He pleaded guilty and reserved his right to appeal the district court's denial of his motion to dismiss. This court AFFIRMS the district court's denial of Von Stephens' motion to dismiss the indictment.

## ANALYSIS

### 1. *The Tenth Amendment*

The tenth amendment provides that powers not delegated to the United States by the Constitution are reserved to the states. Von Stephens argues that his actions here involve a local, intra-state crime, and that the tenth amendment bars federal intrusion into the state's right to control local crime. Von Stephens' argument is meritless.

Article 1, section 8, clause 1 allows Congress to provide for the general welfare of the United States. The AFDC Act, 42 U.S.C. §§ 601–615, is designed to encourage the care of dependent children in their own homes. 42 U.S.C. § 601. This is a valid exercise of congressional power under the general welfare clause. *See Helvering v. Davis,* 301 U.S. 619, 640, 57 S.Ct. 904, 908, 81 L.Ed. 1307 (1937).

Article 1, section 8, clause 18 allows Congress to make all laws, including those imposing penalties, necessary and proper for carrying out its powers. *Sunshine Anthracite Coal Co. v. Adkins,* 310 U.S. 381, 393, 60 S.Ct. 907, 912, 84 L.Ed. 1263 (1940). 18 U.S.C. § 641, protecting the government from theft, facilitates the AFDC program by helping to assure that federal funds will reach intended AFDC recipients.

■ The application of 18 U.S.C. § 641 to theft of an AFDC warrant is a valid exercise of Congressional power under article 1, section 8, and does not violate a state's rights under the tenth amendment.

### 2. *United States Property*

#### a. Commingled Funds

Forty-nine percent of the AFDC fund consisted of federal monies, which were commingled with state and county monies in the fund. Von Stephens was charged with stealing $5,497 of federal property, forty-nine percent of the total value of the AFDC warrants that he cashed. Von Stephens incorrectly contends that the government did not have sufficient interest in the fund of commingled monies to find that theft from the fund was a theft from the government.

■ The government has sufficient interest in its funds, even if commingled, where it exercises supervision and control over the funds and their ultimate use. *United States v. Gibbs,* 704 F.2d 464, 466 (9th Cir.1983); *United States v. Johnson,* 596 F.2d 842, 845–46 (9th Cir.1979). Here, the government required state audits and reports quarterly, conducted on-site reviews, interviewed recipients, examined recipient's bank accounts, and checked employers' rolls for recipients. *See, e.g.,* 45 C.F.R. §§ 201.6, 201.10, 205.40, 205.42, 205.56, 233.20, 233.36. This supervision and control demonstrated a strong government interest in the AFDC funds. *Accord Gibbs,* 704 F.2d at 466; *Johnson,* 596 F.2d at 845. That the government contribution was less than fifty percent of the fund is immaterial.

#### b. Issuance of the Warrants

■ Von Stephens also contends that the warrants that he unlawfully caused to be issued and that he cashed were not of value to the government because the government could seek recoupment from the state or county. Von Stephens is incorrect. Whether or not the government ultimately recovers the money is immaterial to Von Stephens' conviction.

The government's interest in the fund was sufficient, as discussed above, to find that Von Stephens' direct theft from the fund resulted in theft from the government. *Accord United States v. Johnson,* 596 F.2d at 844–46 (a contractor was guilty of converting government monies held in a city's commercial bank account where the contractor caused warrants to be issued to fictitious employees).

The case cited by Von Stephens, *United States v. Collins,* 464 F.2d 1163 (9th Cir. 1972), is inapposite. There, we held that a thief who cashes a warrant at a commercial depositary bank by unlawfully taking a lawfully issued warrant and forging the payee's endorsement takes the property of the depositary bank, not the property of the drawer.

Here, the warrants were valid upon their face; the signatures were genuine. Von Stephens' fraud was not committed against any bank, but against the fund directly. Von Stephens' theft from the fund was a theft from the government.

### CONCLUSION

The district court's denial of Von Stephens' motion to dismiss is AFFIRMED.