**NOT FOR PUBLICATION**



FILED

FEB 07 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-30070 |
| Plaintiff-Appellee, | D.C. No.<br>2:17-cr-00013-TSZ-1 |
| v. | |
| MICHAEL N. LEIGHTON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted February 4, 2019[**]
Seattle, Washington

Before:  IKUTA and CHRISTEN, Circuit Judges, and CHOE-GROVES,[***] Judge.

Michael Leighton appeals his conviction following a jury trial for

embezzlement of federal property in violation of 18 U.S.C. § 641. We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

Viewing the evidence "in the light most favorable to the prosecution," *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), a rational trier of fact could have found that the federal government exercised sufficient supervision and control over the funds that Leighton embezzled from the Naval Sea Cadet Corps (NSCC) to make the funds property of the United States for purposes of 18 U.S.C. § 641. *See United States v. Kranovich*, 401 F.3d 1107, 1113–14 (9th Cir. 2005); *United States v. Von Stephens*, 774 F.2d 1411, 1413 (9th Cir. 1985) (per curiam). Contrary to Leighton's argument, evidence that the NSCC failed to exercise adequate internal supervision and control over the funds does not undermine such a conclusion. *See Von Stephens*, 774 F.2d at 1413.

Because the total amount of embezzled federal funds is not an element of the offense under 18 U.S.C. § 641, the district court did not err in declining to instruct the jury that it must determine that amount. Moreover, the absence of such an instruction did not deprive Leighton of his right to have "the jury instructed on his . . . theory of defense," *United States v. Perdomo-Espana*, 522 F.3d 983, 986–87 (9th Cir. 2008), given that the jury was properly instructed on the intent requirement of 18 U.S.C. § 641.

**AFFIRMED**.