# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2991

_____

United States of America,            *

                    *

       Appellee,       *

                    *   Appeal from the United States

   v.                  *   District Court for the

                    *   Western District of Missouri.

Cameron R. Hagen,        *

                    *      [UNPUBLISHED]

       Appellant.      *

_____

Submitted:  December 27, 2001
Filed:  January 4, 2002

_____

Before McMILLIAN, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Cameron Hagen pleaded guilty to conspiring to manufacture and distribute methamphetamine, see 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846 (1994 & Supp. V 1999); and to being a felon in possession of a firearm, see 18 U.S.C. §§ 922(g)(1), 924(a)(2) (1994).  The District Court sentenced him to 188 months' imprisonment on both counts and to concurrent three- and four-year terms of supervised release.  On appeal, counsel has moved to withdraw under Anders v. California, 386 U.S. 738 (1967), and has filed a brief arguing that the District Court should have imposed a lower sentence within the guidelines range.  Hagen has filed a pro se supplemental brief arguing that (1) § 841(b)(1)(A) and (B) are unconstitutional; (2) the information

failed to state a violation of federal law because it did not allege that his acts were unauthorized; (3) his felon-in-possession conviction is invalid because there was no proof of a connection between the firearm and interstate commerce; and (4) the District Court erred in sentencing him to 188 months on the felon-in-possession count because the sentence imposed exceeds the statutory maximum.

We agree that Hagen's 188-month sentence on the felon-in-possession conviction exceeds the statutory maximum of the offense as charged, and therefore we modify the judgment on that conviction to be 120 months. See 18 U.S.C. § 924(a)(2); U.S.S.G. § 5G1.1(a) (2001); United States v. Maynie, 257 F.3d 908, 918-19 (8th Cir. 2001).

We reject Hagen's other arguments because, even assuming he has not waived these arguments through his plea agreement, (1) he was sentenced below the statutory maximum provided in 21 U.S.C. § 841(b)(1)(C) (1994 & Supp. V 1999), and therefore we need not consider his attack on the constitutionality of § 841(b)(1)(A) and (B); (2) the information sufficiently stated the charged drug-conspiracy offense, see United States v. White, 241 F.3d 1015, 1021 (8th Cir. 2001); and (3) the indictment charged him with possession of firearms that had been transported in and affected commerce, and he pleaded guilty to that charge, see Mack v. United States, 853 F.2d 585, 586 (8th Cir. 1988) (per curiam).

Accordingly, we affirm the judgment as modified, and grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.