**Anthony HAYLE, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 643, Docket 86–2315.**

United States Court of Appeals, Second Circuit.

Argued Jan. 20, 1987.

Decided April 8, 1987.

Anthony Hayle, pro se.

Valerie Caproni, Asst. U.S. Atty., Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty. for the Eastern Dist. of N.Y., Catherine Palmer, Asst. U.S. Atty., Brooklyn, N.Y., on the brief), for respondent-appellee.

Before LUMBARD, KEARSE and PRATT, Circuit Judges.

KEARSE, Circuit Judge:

Petitioner *pro se* Anthony Hayle, convicted, after his plea of guilty, on one count of embezzling funds of the United States in violation of 18 U.S.C. § 641 (1982), appeals from so much of a judgment of the United States District Court for the Eastern District of New York, Henry Bramwell, *Judge,* as denied his motion pursuant to 28 U.S.C. § 2255 (1982) to vacate his sentence on the grounds that (a) the conduct that he admitted did not constitute a federal offense, and (b) his plea of guilty resulted from the ineffective assistance of counsel. Hayle

pursues these contentions on appeal. Finding no merit in either, we affirm.

## I. BACKGROUND

In November 1983, Hayle was indicted on 17 counts alleging embezzlements and thefts of moneys of the United States in violation of 18 U.S.C. § 641 and 46 counts alleging other offenses. The indictment alleged that at all pertinent times Hayle was chief accountant of the South Brooklyn Health Center ("SBHC") and had responsibility for and access to SBHC's bank accounts; that SBHC was a community health center qualified to receive reimbursement from the United States Department of Health and Human Services ("HHS") pursuant to 42 U.S.C. §§ 1395–96 (1982) as a provider of services to patients covered by Medicaid and Medicare programs, and pursuant to 42 U.S.C. § 254c (1982) as a grantee of Public Health Service Act ("PHS") awards; and that SBHC received Medicare funds, Medicaid funds, and PHS grants, all of which were deposited into SBHC's checking account. Count Twelve of the indictment, to which Hayle pleaded guilty pursuant to a plea bargain agreement, incorporated these allegations and further alleged that on October 15, 1982, without authority, Hayle deposited a check for $6,101 drawn on SBHC's account into his personal account, thereby embezzling moneys of the United States.

Prior to accepting Hayle's plea, Judge Bramwell questioned Hayle as to its factual basis. Hayle stated that the $6,101 check had been signed in blank by the appropriate person at SBHC; Hayle then typed in the name of another person as payee, forged that person's endorsement, and deposited the check in Hayle's personal account. In February 1984, the court entered a judgment of conviction on Count Twelve, sentenced Hayle to five years in prison, and ordered him to make restitution. The other counts of the indictment were dismissed pursuant to the plea bargain.

In December 1985, Hayle moved pursuant to § 2255 for vacation of his sentence on the grounds, *inter alia,* (1) that the federal court lacked jurisdiction over his criminal prosecution as he was not charged with a violation of federal law because the funds he drew from SBHC's account were not moneys that the United States owned or controlled, (2) that he was denied effective assistance of counsel because his attorney did not inform him that Count Twelve did not charge him with a violation of federal law, and (3) that the sentencing court lacked authority to order restitution. The district court rejected all of Hayle's claims except the last. Judgment was entered vacating the order of restitution but denying the motion in all other respects. Hayle appeals from the judgment to the extent that it denied his motion. We find no merit in his appellate contentions.

## II. DISCUSSION

### A. *The Alleged Lack of Jurisdiction*

It is well settled that a defendant's plea of guilty admits all of the elements of a formal criminal charge, *McCarthy v. United States,* 394 U.S. 459, 466, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1969), and, in the absence of a court-approved reservation of issues for appeal, waives all challenges to the prosecution except those going to the court's jurisdiction, *see United States v. Sykes,* 697 F.2d 87, 89 (2d Cir. 1983); *LaMagna v. United States,* 646 F.2d 775, 778 (2d Cir.), *cert. denied,* 454 U.S. 898, 102 S.Ct. 399, 70 L.Ed.2d 214 (1981). Thus, after a judgment of conviction has been entered upon the defendant's plea of guilty, the defendant may not raise nonjurisdictional challenges either on direct appeal, *see, e.g., United States v. Sykes,* 697 F.2d at 89; *United States v. Doyle,* 348 F.2d 715, 718 (2d Cir.), *cert. denied,* 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965), or by collateral attack under § 2255, *see LaMagna v. United States,* 646 F.2d at 778.

In order to sustain a challenge to the district court's jurisdiction, the defendant who has pleaded guilty must establish that the face of the indictment discloses that the count or counts to which he pleaded guilty failed to charge a federal offense.

*See id.; United States v. Santelises,* 476 F.2d 787, 788 (2d Cir.1973) (coram nobis attack on guilty plea based on alleged failure of indictment to allege violations of federal law must be rejected " 'unless [the indictment] is so defective that it does not, by any reasonable construction, charge an offense for which the defendant is convicted' ") (quoting *United States v. Trollinger,* 415 F.2d 527, 528 (5th Cir.1969)); *United States v. Smith,* 407 F.2d 33, 34 (2d Cir. 1969). The requirement that the alleged jurisdictional defect be apparent from the face of the indictment reflects the line between issues that go to the court's power to entertain the prosecution and those that go merely to the government's ability to prove its case. If the indictment alleges all of the statutory elements of a federal offense and the defendant's contention is that in fact certain of those elements are lacking, the challenge goes to the merits of the prosecution, not to the jurisdiction of the court to entertain the case or to punish the defendant if all of the alleged elements are proven. *See LaMagna v. United States,* 646 F.2d at 778.

■ In the present case, we reject Hayle's characterization of his challenge as one going to the district court's jurisdiction. Count Twelve of the indictment alleged that federal grant moneys were deposited into SBHC's bank account; that Hayle caused a check to be drawn on this account, which he deposited without authority into his own personal bank account; and that Hayle thereby embezzled funds of the United States. Hayle's contention is not that the indictment fails to allege that he stole funds of the United States, but rather that that allegation is not true because, he argues, the funds he stole had ceased to be funds of the United States. This argument, absent the plea of guilty, would have created an issue of fact for trial; but there is no jurisdictional flaw apparent from the face of the indictment. Federal grant money remains "money ... of the United States" within the meaning of § 641 even after being deposited in the bank account of the grantee, *see United States v. Largo,* 775 F.2d 1099, 1101 (10th Cir.1985) (per curiam), *cert. denied,* ——

U.S. ——, 106 S.Ct. 891, 88 L.Ed.2d 925 (1986), and even if commingled with non-federal funds, *see United States v. Von Stephens,* 774 F.2d 1411, 1413 (9th Cir. 1985) (per curiam); *United States v. Gibbs,* 704 F.2d 464, 466 (9th Cir.1983) (per curiam); *United States v. Mitchell,* 625 F.2d 158, 160–61 (7th Cir.), *cert. denied,* 449 U.S. 984, 101 S.Ct. 402, 66 L.Ed.2d 247 (1980), so long as the government "exercises supervision and control over the funds and their ultimate use." *United States v. Von Stephens,* 774 F.2d at 1413; *accord United States v. Bailey,* 734 F.2d 296, 300–01 (7th Cir.), *cert. denied,* 469 U.S. 931, 105 S.Ct. 327, 83 L.Ed.2d 263 (1984); *United States v. McIntosh,* 655 F.2d 80, 84 (5th Cir.1981), *cert. denied,* 455 U.S. 948, 102 S.Ct. 1450, 71 L.Ed.2d 662 (1982).

■ The question of whether the government exercised sufficient supervision and control over the SBHC funds to support the allegation that the funds embezzled were moneys of the United States would have been a factual issue to be resolved at trial. Such factual issues do not go to the court's jurisdiction to try the case, and Hayle's plea of guilty admitted the assertions of the indictment. Accordingly, his plea waived any contention that the government would be unable to prove that the funds embezzled were moneys of the United States, and his § 2255 petition on this ground was properly rejected.

## B. *The Claim of Ineffective Assistance of Counsel*

■ Hayle's contention that his plea of guilty resulted from the ineffective assistance of his counsel need not detain us long since it is premised on the alleged failure of the indictment to allege a federal offense, a premise we have just rejected. We see no other nonfrivolous basis for an assertion of ineffective assistance of counsel. The plea bargain enabled Hayle to plead guilty to one charge—for which there appears to have been ample factual basis—and to have dismissed 62 other counts against him.

## CONCLUSION

We have considered all of Hayle's arguments on this appeal and have found them

to be without merit. The judgment denying relief under § 2255 is affirmed.