David Stanley MACK, Appellant,

v.

UNITED STATES of America, Appellee.

No. 88-5088.

United States Court of Appeals,
Eighth Circuit.

Submitted July 13, 1988.

Decided Aug. 3, 1988.

David Stanley Mack, pro se.

Thorwald H. Anderson, Jr., Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.

PER CURIAM.

David Mack appeals *pro se* from the district court's [1] order denying his motion to set aside his guilty plea on the grounds of lack of subject matter jurisdiction and violation of due process. We affirm.

Mack was indicted on one count of armed bank robbery. The indictment charged that Mack took money and blank travelers checks from a bank then insured by the Federal Deposit Insurance Company (FDIC) and in so doing, assaulted and endangered the life of a bank employee by use of a gun. Mack pleaded guilty and was sentenced to fifteen years imprisonment, to be served consecutively to a sentence he was already serving.

Approximately five years later Mack filed the instant motion on the ground that the government failed to introduce evidence that the bank was insured by FDIC on the date of the robbery. The district court denied the motion, concluding that the indictment stated all the elements of the offense charged, that there was a factual basis for the plea, and that by pleading guilty Mack admitted all elements of the crime charged in the indictment.

On appeal, Mack argues that his guilty plea does not prevent him from collaterally attacking the sentencing court's jurisdiction. Mack maintains that the indictment was invalid because it did not include an FDIC certificate number, and that neither the unsupported allegation in the indict-

1. The Honorable Donald D. Alsop, Chief United States District Judge for the District of Minnesota.

ment nor the statement in the presentence investigation report · that the bank was FDIC insured, was sufficient to establish subject matter jurisdiction. Mack's arguments are without merit.

As the district court noted, a plea of guilty admits all of the elements of a criminal charge, and waives all challenges to the prosecution either by direct appeal or by collateral attack, except challenges to the court's jurisdiction. *Hayle v. United States,* 815 F.2d 879, 881 (2d Cir.1987). In order for a defendant who has pleaded guilty to sustain a challenge to the district court's jurisdiction, he must establish that the face of the indictment failed to charge a federal offense. *Id.* Here the district court correctly noted that the indictment charged all the necessary elements including that the bank's deposits were insured by FDIC.

A guilty plea admits factual allegations in the indictment that form the basis for federal jurisdiction. *United States v. Mathews,* 833 F.2d 161, 164 (9th Cir.1987); *see also Hayle,* 815 F.2d at 882 (guilty plea waives contention that government would be unable to prove that funds embezzled were monies of the United States).

Accordingly, the judgment of the district court is affirmed.