879 F.2d 863
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodney C. HAMRICK, Defendant-Appellant.
 No. 89-7592.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 15, 1989.
Decided: July 17, 1989.
 
 Rodney C. Hamrick, appellant pro se.
 Lisa Ann Grimes (Office of the United States Attorney), for appellee.
 Before DONALD RUSSELL, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Rodney Hamrick, a federal prisoner, filed a 28 U.S.C. Sec. 2255 motion claiming that his plea of guilty to one count of mailing a threatening letter to President Reagan, see 18 U.S.C. Sec. 871(a)(1), was invalid because (1) he was not warned of his rights to counsel and against self-incrimination; (2) the seven counts with which he was originally charged constituted only one offense;[1] (3) his lawyer did not obtain a sanity examination;[2] and (4) his plea was involuntary because defense counsel told him he would receive a 33-year sentence if he did not plead guilty, his lawyer used his family to pressure him, and defense counsel knew that 100% of the defendants with similar charges received the maximum five-year sentence in the Northern District of West Virginia.[3] The district court denied the motion. We affirm.
 
 
 2
 Regarding claims (1) and (2), we find that Hamrick's failure to pursue these issues prior to entry of the plea, and the plea itself, bar further review. See United States v. Broce, 57 U.S.L.W. 4158 (U.S. Jan. 23, 1989) (No. 87-1190); Hayle v. United States, 815 F.2d 879 (2d Cir.1987).
 
 
 3
 Hamrick's claim (3) was properly dismissed because the record does not support the claim. That is, Hamrick does not refute defense counsel's sworn affidavit that he and the privately retained psychiatrist discussed Hamrick's sanity. Therefore, Hamrick's reliance on the March 31, 1988 letter from Dr. Carter (the retained psychiatrist) to defense counsel is misplaced because it does not state that they did not discuss the sanity issue. Thus, we reject Hamrick's attempt to read too much into the March 31 letter and, in light of all the evidence, find that counsel did investigate his sanity.
 
 
 4
 We also reject Hamrick's claim that the plea was involuntary. We note that Hamrick signed the written plea agreement prior to the plea and, most importantly, admitted at the plea colloquy that he was not forced to enter the plea, had not been promised anything other than that proposed in the plea agreement, and knew he could receive up to five years in prison. Hamrick is bound by these statements. See Via v. Superintendent, Powhatan Correctional Center, 643 F.2d 167 (4th Cir.1981). Under these circumstances, Hamrick's claim fails.
 
 
 5
 Accordingly, we affirm the denial of Hamrick's Sec. 2255 motion.[4] We dispense with oral argument because the facts and legal contentions are adequately presented in the record and oral argument would not aid the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 Six of the counts were dismissed as part of the plea agreement
 
 
 [2]
 However, Hamrick concedes that his lawyer did obtain a competency examination
 
 
 [3]
 Hamrick attempted to raise Fed.R.Crim.P. 11 violations and a challenge to the sufficiency of the evidence in his objections to the magistrate's report. However, neither the government, the magistrate nor the district court addressed these late claims and we do not address them here
 
 
 [4]
 We also deny Hamrick's motion for the appointment of counsel based on our disposition of the issues presented