1 F.3d 1234
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Relaina D. HAIRSTON, Defendant-Appellant.
 No. 92-5759.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 16, 1993.
Decided: July 30, 1993.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.
 G. Todd Houck, MOLER, STATON, STATON & HOUCK, Mullens, for Appellant.
 Michael W. Carey, United States Attorney, Victoria B. Major, Assistant United States Attorney, for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before NIEMEYER, HAMILTON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Relaina D. Hairston appeals her conviction of conspiracy to commit various violations of the drug trafficking laws, 21 U.S.C.A. Sec. 846 (West Supp. 1993), and of perjury, 18 U.S.C.A. Sec. 1621 (West 1984), on her guilty plea to a superseding indictment which added the perjury charge. She contends that the district court erred in admitting evidence, at a hearing on the government's motion to void the first plea agreement, which showed she had breached the agreement by giving untruthful statements during a debriefing. She also contests her sentence, arguing that the court clearly erred when it found that she was not a minimal participant in the offense. United States Sentencing Commission, Guidelines Manual, Sec. 3B1.2(a) (Nov. 1991). We affirm both her conviction and sentence.
 
 
 2
 Hairston's claim that the district court erred in admitting evidence, at a hearing on her alleged breach of her first plea agreement, of her untruthful statements during debriefing, is not properly raised on appeal, and we do not address it. By entering into the second plea agreement, Hairston waived all antecedent non-jurisdictional challenges to her conviction. United States v. Hayle, 815 F.2d 879 (2d Cir. 1987).
 
 
 3
 Hairston participated in a conspiracy which brought crack cocaine from Detroit to Beckley, West Virginia, for sale. The government's evidence showed that she drove co-defendants to Detroit at least once to obtain crack, and provided transportation around Beckley to others who were distributing the crack. Hairston had the burden of demonstrating that she played a minimal part in the offense. United States v. Daughtrey, 874 F.2d 213 (4th Cir. 1989). She asserted at sentencing that she deserved a four-level reduction because she assisted her co-defendants as a favor and did not profit from the scheme. The district court found, nonetheless, that she did not qualify for a reduction because she was not unaware of the scope and structure of the enterprise or of the activities of her co-conspirators. U.S.S.G. Sec. 3B1.2, comment. (n.1). The court's finding is not clearly erroneous. Hairston knowingly facilitated the illegal operation on more than one occasion, and she did not demonstrate a lack of understanding as to the scope of the illegal activity she was assisting.
 
 
 4
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED