104 F.3d 356
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Richard PLOOF, Petitioner-Appellant,
v.
John GORCZYK, Respondent.
 No. 96-2428.
 United States Court of Appeals, Second Circuit.
 Dec. 9, 1996.
 
 Appeal from the United States District Court for the District of Vermont (William K. Sessions, III, District Judge ).
 APPEARING FOR APPELLANT: Henry Hinton, Montpelier, VT
 APPEARING FOR APPELLEE: Susan R. Harritt, Assistant Attorney General, Jeffrey L. Amestoy, Attorney General, Montpelier, VT
 D.Vt.
 AFFIRMED.
 Before CARDAMONE and WALKER, Circuit Judges,
 RESTANI, Judge.*
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Vermont and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 In September 1990, petitioner Richard Ploof was accused of stabbing and killing Timothy Papineau after a failed marijuana transaction and was charged in Vermont with the second degree murder. On September 10, 1990, petitioner accepted the assignment of counsel and entered a not guilty plea. On April 18, 1991, petitioner made a motion requesting permission to represent himself. After an extensive colloquy that same day, the trial court granted petitioner's motion and petitioner proceeded to represent himself through pretrial proceedings from April 18, 1991 through June 26, 1991.
 
 
 4
 On June 20, 1991, the trial court conducted a hearing in which it determined that petitioner had allegedly inflicted a wound on himself, failed to assist the court in clarifying the incident, was angry and noncooperative during the hearing, and may not be able to refrain from irrational and unmanageable behavior during trial. On June 26, 1991, the trial court reassigned Steve Dunham, a public defender, to represent petitioner.
 
 
 5
 On October 23, 1991, petitioner, with the assistance of the public defender, changed his plea to guilty, pursuant to a plea agreement. The trial court accepted the plea, after ascertaining that it was entered voluntarily and knowingly. On December 6, 1991, the trial court sentenced petitioner to 20 years to life, split with the defendant serving 25 years imprisonment and the remainder on probation.
 
 
 6
 On December 18, 1991, petitioner filed a motion in trial court to strike his sentence based on his assertion that he had been incompetent at the time the guilty plea was entered. In May 1992, the trial court denied petitioner's motion, noting that three separate psychiatric evaluations conducted prior to the guilty plea indicated that petitioner was indeed competent. On appeal, the Vermont Supreme Court affirmed.
 
 
 7
 On June 26, 1995, petitioner filed a petition for writ of habeas corpus in federal district court, asserting that the trial court's revocation of his right to represent himself violated the Sixth Amendment. In his report recommending denial of the petition, Magistrate Judge Jerome J. Niedermeier wrote that the petitioner had waived his Sixth Amendment claims by pleading guilty. The district court issued an order accepting the magistrate's report and recommendation in full. Petitioner now appeals.
 
 
 8
 It is well established that a person accused of a crime has a Sixth Amendment right to represent himself. Faretta v. California, 422 U.S. 806, 819 (1975). All criminal defendants who "knowingly, voluntarily, and unequivocally waive their right to appointed counsel" may exercise this right to self-representation. Johnstone v. Kelly, 808 F.2d 214, 216 (2d Cir.1986), cert. denied, 482 U.S. 928 (1987). Deprivation of this right to self-representation generally "requires automatic reversal of a criminal conviction." Id. at 218.
 
 
 9
 It is also well established, however, that a counseled and voluntary guilty plea bars all non-jurisdictional defects in a prior proceeding. United States v. Seybold, 979 F.2d 582, 585 (7th Cir.1992), cert. denied, 508 U.S. 979 (1993); Lebowitz v. United States, 815 F.2d 879, 881 (2d Cir.1989).
 
 
 10
 [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea....
 
 
 11
 Tollett v. Henderson, 411 U.S. 258, 267 (1973).
 
 
 12
 In his habeas petition, petitioner has not challenged the voluntary and intelligent nature of his guilty plea, nor the effectiveness of his counsel. He challenges only the denial of his Sixth Amendment right to self-representation which occurred, if at all, prior to his plea. Thus, his Sixth Amendment claim is waived.
 
 
 13
 For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.
 
 
 
 *
 The Honorable Jane A. Restani of the United States Court of International Trade, sitting by designation