**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
         *Plaintiff-Appellee,*

v.                                               No. 00-4434

ERIC LEE WAGNER,
         *Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CR-99-37)

Submitted: November 30, 2000

Decided: December 8, 2000

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

Dismissed by unpublished per curiam opinion.

**COUNSEL**

James R. Fox, JORY & SMITH, L.C., Elkins, West Virginia, for
Appellant. Melvin W. Kahle, Jr., United States Attorney, Sherry L.
Muncy, Assistant United States Attorney, Elkins, West Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Eric Lee Wagner appeals his sentence imposed after he pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C.A. § 922(g)(1) (West Supp. 2000). Wagner alleges for the first time on appeal that the delay between the commission of the crime and the filing of the indictment constituted undue delay in violation of his due process rights. He also alleges that his sentence should be "reversed" due to prosecutorial vindictiveness. We dismiss the appeal.

On April 26, 1996, Wagner was released from federal prison and placed on supervised release relating to a conviction for conspiring to receive stolen explosives. Wagner was found to possess a firearm, in violation of his supervised release terms, and revocation proceedings were instituted on September 12, 1997, based upon unrefuted evidence that Wagner possessed the firearm. Wagner was re-incarcerated for twenty months between April 1, 1998, and November 17, 1999. The indictment charging Wagner with being a felon in possession of a firearm was filed on September 16, 1999. Wagner pled guilty to a violation of 18 U.S.C.A. § 922(g) in a formal plea agreement. He did not raise the issue of pre-indictment delay at any time in the district court. Wagner was sentenced under the career offender portion of the Sentencing Guidelines and received a 210-month term of imprisonment.

Wagner asserts that the delay in filing the indictment resulted in prejudice to him because, if filed earlier, he may have been eligible for some provisions that may have reduced his sentence.* He also asserts that the delay was based purely upon the vindictiveness of the prosecutor. However, Wagner pled guilty to the indictment, and he has, thus, waived any non-jurisdictional challenge to the indictment. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Unites States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993). In order to sustain a challenge to the jurisdiction of the indictment, Wagner must establish that the indictment does not, by any reasonable construction, charge the

---

*The indictment was filed within the statute of limitations.

offense for which he was convicted. *Hayle v. United States*, 815 F.2d 879, 881-82 (2d Cir. 1987); *see also United States v. Broce*, 488 U.S. 563, 569 (1989) (guilty plea forecloses attack on indictment unless, "on the face of the record," the court had no power to enter the conviction).

Wagner's claims do not challenge the indictment's jurisdiction. Nevertheless, a defendant may preserve specified issues for review by making a conditional plea pursuant to Fed. R. Crim. P. 11(a)(2). Under this rule, Wagner was required to execute a specific, written reservation of his right to challenge the indictment. However, both the record and his argument are devoid of any mention of such a conditional plea. By pleading guilty as he did, Wagner relinquished his right to contest delay in bringing the indictment.

We therefore dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*