Karis Kevern BURKE, Petitioner–Appellant,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent–Appellee.

Docket No. 00–2179.

United States Court of Appeals, Second Circuit.

March 29, 2001.

Michael G. Moore, Esq., Springfield, MA, for petitioner-appellant.

James K. Filan, Jr., Assistant United States Attorney, for Stephen C. Robinson, United States Attorney, District of Connecticut; David. W. Ogden, Assistant Attorney General, Civil Division, on the brief, for respondent-appellee.

Present CARDAMONE, LEVAL and KATZMANN, Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Petitioner–Appellant Burke ("Burke") appeals the district court's decision dismissing his habeas corpus petition. Burke is a native and citizen of Jamaica who immigrated to the U.S. as a lawful permanent resident. In 1995, Burke was convicted of the sale of narcotics in Connecticut. Blue 2 He was placed in deportation proceedings by the Immigration and Naturalization Service ("INS"), as an aggravated felon. Government Appendix ("GA") 7–10 After an INS hearing in which Burke conceded his conviction and his deportability, Burke moved for a waiver of deportation under § 212(c) of the INA, 8 U.S.C. § 1182(c) (1994). GA 12 Both the Immigration Judge and the Board of Immigration Appeals denied his application for a waiver. GA 12–13 On February 26, 1998, Burke was deported to Jamaica.

On July 22, 1998, Burke was caught attempting to re-enter the United States at the Miami International Airport. GA 14 After an INS hearing, Burke was ordered removed from the U.S. GA 20 Subsequently, Burke was indicted for attempted illegal re-entry by an alien, in violation of 8 U.S.C. § 1326(a), (b)(2). GA 35 Burke pled guilty in the United States District Court for the Southern District of Florida, and was sentenced to 48 months in a United States prison. A 26 He did not bring a direct appeal of his conviction. A 26

On May 13, 1999, Burke filed the instant habeas action in the United States District Court for the District of Connecticut. He argued that his attempted re-entry was "arguably legal" because the BIA's original decision to deny him a § 212(c) hearing was incorrect. GA 5–6 Burke's habeas petition asked the district court to "stay his deportation, hear his habeas petition and remand the case to the [BIA] for a 212(c) hearing." BA 13 The District Court of Connecticut, Warren W. Eginton, *J.*, approving the report of Magistrate Judge Fitzsimmons, denied the petition for habeas relief. GA 33 We affirm the district court.

We review the district court's decision de novo. *See St. Cyr v. I.N.S.* 229 F.3d 406, 409 (2d Cir.2000) *cert. granted,* 531 U.S. 1107, 121 S.Ct. 848, 148 L.Ed.2d 733 (2001). The government sets forth a number of possible grounds for this court to affirm the district court. We need address only one.

 The district court lacked jurisdiction over Burke's habeas petition challenging his conviction for attempted illegal re-entry because he voluntarily pled guilty to

that charge. Caselaw in this circuit is clear that a defendant's knowing and voluntary plea waives all non-jurisdictional defects in that criminal proceeding. *See United States v. Coffin,* 76 F.3d 494, 496 (2d Cir.1996); *Hayle v. United States,* 815 F.2d 879, 881 (2d Cir.1987). This jurisdictional ban includes both direct appeals and challenges brought via habeas petitions. *See Hayle,* 815 F.2d at 881. Thus, "the issue [is] not the merits of these [independent] claims as such, but rather whether the guilty plea had been made intelligently and voluntarily with the advice of competent counsel." *See Coffin,* 76 F.3d at 497–98 (internal quotation marks and citation omitted, alteration in original). In this case Burke makes no claim that his plea was conditional, that his counsel was ineffective or that his plea was otherwise unknowing or involuntary. Therefore, the district court did not have jurisdiction to entertain Burke's habeas petition.

We have considered all of Burke's contentions and arguments on this appeal. The judgment of the district court is AFFIRMED.