UNITED STATES of America,
Appellee,

v.

Matthew RAMMELKAMP,
Defendant–Appellant.

No. 06–4259–cr.

United States Court of Appeals,
Second Circuit.

March 19, 2008.

---

Thomas F. Liotti (Drummond C. Smith, on the brief), Law Offices of Thomas F. Liotti, Garden City, NY, for Appellant.

James G. McGovern (David C. James, on the brief) Assistant United States Attorney for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, for Appellee.

PRESENT: Hon. B.D. PARKER and Hon. DEBRA ANN LIVINGSTON, Circuit Judges, Hon. JANET C. HALL,[1] District Judge.

## SUMMARY ORDER

Appellant Matthew Rammelkamp appeals from a decision of the United States District Court for the Eastern District of New York (Platt, *J.*). We assume the parties' familiarity with the underlying facts and the procedural history of the case, as well as the issues on appeal. In February 2001, Rammelkamp, then sixteen years of age, pled guilty to conspiracy to commit arson in violation of 18 U.S.C. §§ 844(i) and (n). By his guilty plea, Rammelkamp admitted his involvement in a conspiracy to commit arson against a number of targets, including two partially constructed housing developments, a duck farm, a McDonald's restaurant, and two construction vehicles. He also admitted his affiliation with the Earth Liberation Front.

After cooperating with the government and testifying at the trial of one of his co-conspirators, the government filed a motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 informing the court that Rammelkamp had provided substantial assistance. He was sentenced in September 2006 to six months of incarceration at a prison camp and $188,312.40 in restitution. Were it not for the departure authorized by § 5K1.1 and § 3553(e), Rammelkamp would have faced a Sentencing Guidelines range of 63–78 months and a statutory minimum of five years of imprisonment. On appeal Rammelkamp challenges the jurisdiction of the federal government over his alleged crimes, the validity of his plea, the district court's decision to accept the United States Attorney General's certification under 18 U.S.C. § 5032 that this case was appropriate for prosecution in federal court, the reasonableness of his sentence, and the restitution imposed by the district court.

## DISCUSSION

■ 18 U.S.C. § 844(i) subjects to federal prosecution anyone who "maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property *used in interstate or foreign commerce or in any activ-*

---

1. The Honorable Janet C. Hall, of the United States District Court for the District of Connecticut, sitting by designation.

*ity affecting interstate or foreign commerce"* (emphasis added). Rammelkamp argues that the arson conspiracy he pled guilty to fell outside of federal jurisdiction under *Jones v. United States,* 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000), which held that "an owner-occupied residence not used for any commercial purpose does not qualify as property 'used in' commerce or commerce-affecting activity; arson of such a dwelling, therefore, is not subject to federal prosecution under § 844(i)." *Id.* at 850–51, 120 S.Ct. 1904. While Rammelkamp's argument would likely fail on its merits, both because the arson conspiracy encompassed distinctly commercial property (*e.g.,* a McDonald's restaurant) and because the commercial developer was still responsible for the partially constructed houses, we do not reach the issue because of Rammelkamp's guilty plea.

We explained the effects of a guilty plea on jurisdictional issues such as the ones Rammelkamp raises in *Hayle v. United States,* 815 F.2d 879 (2d Cir.1987):

> In order to sustain a challenge to the district court's jurisdiction, the defendant who has pleaded guilty must establish that the face of the indictment discloses that the count or counts to which he pleaded guilty failed to charge a federal offense. The requirement that the alleged jurisdictional defect be apparent from the face of the indictment reflects the line between issues that go to the court's power to entertain the prosecution and those that go merely to the government's ability to prove its case. If the indictment alleges all of the statutory elements of a federal offense and the defendant's contention is that in fact

certain of those elements are lacking, the challenge goes to the merits of the prosecution, not to the jurisdiction of the court to entertain the case or to punish the defendant if all of the alleged elements are proven. *Id.* at 881–82 (internal citations and quotations omitted).

The Information alleged that Rammelkamp conspired to "damage and destroy by means of fire buildings and other real and personal property used in activities affecting interstate commerce." Since the "interstate commerce" element of the offense was alleged, the prosecution's need to prove that element was obviated by Rammelkamp's guilty plea. *See id.* Therefore, Rammelkamp's jurisdictional challenge fails.

■ There is no basis for Rammelkamp's assertion that his guilty plea should be vacated because he did not make his plea "knowingly, voluntarily and intelligently" or with "a true understanding of the direct consequences." During his plea hearing, Rammelkamp filed a "Juvenile Request to Be Proceeded Against as an Adult" ("Juvenile Waiver Request") in which he voluntarily requested to be prosecuted as an adult. The Juvenile Waiver Request was signed by Rammelkamp, his attorney, and his parents. Furthermore, both Rammelkamp and his counsel averred in open court that Rammelkamp understood all charges against him and the consequences of his plea. Rammelkamp and his counsel also confirmed Rammelkamp's competence.

■ The district court's refusal to invalidate the United States Attorney General's certification under 18 U.S.C. § 5032[2] that

2. Section 5032 forbids the United States from prosecuting a juvenile (save for those crimes committed within the special maritime and territorial jurisdiction of the United States for which the maximum term of imprisonment does not exceed six months) "unless the Attorney General, after investigation, certifies to the appropriate district court of the United States that (1) the juvenile court or other appropriate court of a State does not have

this case was appropriate for prosecution in federal court was correct. No evaluation of the Attorney General's certification under § 5032, aside from its facial compliance with § 5032's requirements, is permissible. *See United States v. Doe*, 49 F.3d 859, 866–67 (2d Cir.1995) (determining that conspiracy to commit robbery and extortion was properly considered a crime of violence under § 5032); *United States v. Vancier*, 515 F.2d 1378, 1381 (2d Cir.1975) ("We conclude that the certification called for by § 502, 18 U.S.C. § 5032 (Supp. 1975), also falls into the category of unreviewable determinations to be made, in this instance, by the Attorney General."). Here, the Attorney General's certification is facially valid, as the Attorney General identified the felony crime at issue as one of violence and asserted a federal interest. Therefore, the district court's refusal to invalidate the United States Attorney General's certification under 18 U.S.C. § 5032 that this case was appropriate for prosecution in federal court was correct.

■ Rammelkamp complains that his sentence was unreasonable and asserts that the district court failed adequately to consider the factors listed in 18 U.S.C. § 3553. We disagree. Our substantive reasonableness review requires only that we consider whether the length of the sentence is reasonable in light of the § 3553(a) factors. *United States v. Crosby*, 397 F.3d 103, 113–15 (2d Cir.2005). The district court imposed a sentence of six months incarceration on Rammelkamp, far below his uncontested Guidelines range of 63–78 months and there is no indication from the record that the District Court failed to consider the requisite § 3553(a) factors. Therefore, we affirm the sentence imposed by the district court. *See United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir.2006) ("[W]e presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors.").

As to the restitution imposed by the district court, the government candidly concedes that, since "the district court was apparently under the mistaken impression that it was required to impose restitution in the full amount of loss caused by the conspiracy and did not exercise its discretion whether to apportion the restitution amount, the restitution order should be vacated and the case remanded for reconsideration of the restitution order." We agree.

For the foregoing reasons, the district court's judgment is AFFIRMED except as to the amount of restitution, which we REMAND to the district court for reconsideration of the appropriate amount of restitution in light of this Ruling.

jurisdiction or refuses to assume jurisdiction over said juvenile with respect to such alleged act of juvenile delinquency, (2) the State does not have available programs and services adequate for the needs of juveniles, or (3) the offense charged is a crime of violence that is a felony or an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841), or section 1002(a), 1003, 1005, 1009, or 1010(b)(1), (2), or (3) of the Controlled Substances Import and Export Act (21 U.S.C. 952(a), 953, 955, 959, 960(b)(1), (2), (3)), section 922(x) [18 USCS § 922(x)] or section 924(b), (g), or (h) of this title [18 USCS § 924(b), (g), or (h)], and that there is a substantial Federal interest in the case or the offense to warrant the exercise of Federal jurisdiction."