UNITED STATES of America, Appellee,

v.

Darlean MARCUCILLI, Defendant–Appellant.

No. 08–1145–cr.

United States Court of Appeals, Second Circuit.

July 23, 2008.

Richard A. Greenberg (Steven Y. Yurowitz, on the brief), Newman & Greenberg, New York, NY, for Appellant.

Chi T. Steve Kwok (Jonathan S. Kolodner, on the brief), Assistant United States Attorney for Michael J. Garcia, United States Attorney for the Southern District of New York, Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. CHESTER J. STRAUB, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Darlean Marcucilli appeals from a decision of the United States District Court for the Southern District of New York (Kaplan, *J.*). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Appellant argues, among other things, that the district court improperly instructed the jury when it stated that the United States Department of Housing and Urban Development ("HUD") "is a department of the United States government .... [and] money used to pay a housing subsidy provided by [HUD] is money that belongs to the United States." The parties disagree about whether or not defense counsel made a timely objection to this instruction. For purposes of this appeal, however, we assume that defense counsel failed to make a timely objection and evaluate the jury instructions under the plain error standard.

We find that the instruction improperly took out of the hands of the jury the factual issue of whether the United States exercised "sufficient supervision and control" over the funds to support the allegation that they were "moneys of the United States." *See Hayle v. United States*, 815 F.2d 879, 882 (2d Cir.1987). This constitutes plain error because, as we have held, "the Constitution gives a criminal defendant the right to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged." *United States v. Gonzalez*, 110 F.3d 936, 944 (2d Cir.1997), quoting *United States v. Gaudin*, 515 U.S. 506, 523, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995). This plain error affects the public reputation of judicial proceedings. It resulted in a defendant being convicted, in part, by the court instead of the jury. We exercise our discretion and remedy this plain error by vacating the judgment below. *See Gonzalez*, 110 F.3d at 945–46. We need not consider the other arguments presented by Appellant.

For the foregoing reasons, the district court's judgment is VACATED.