08-4737-cr
United States v. Ingram

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of October, two thousand ten.

PRESENT:   WILFRED FEINBERG,
                    JON O. NEWMAN,
                    GERARD E. LYNCH,
                                        *Circuit Judges.*

----------------------------------------------------------------

UNITED STATES OF AMERICA,
                                        *Appellee*,

                    v.                                                    No. 08-4737-cr

MARK V. INGRAM,
                                        *Defendant-Appellant.*

----------------------------------------------------------------

FOR APPELLANT:          Mark V. Ingram, *pro se*, Brooklyn, New York.

FOR APPELLEE:           Emily Berger, Richard P. Donoghue, Assistant United States
                                  Attorneys *for* Loretta E. Lynch, United States Attorney,
                                  Eastern District of New York.

Appeal from the United States District Court for the Eastern District of New York

(Denis R. Hurley, *Senior Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Appellant Mark V. Ingram pled guilty to one count of bank fraud in violation of 18 U.S.C. § 1344 and one count of money laundering in violation of 18 U.S.C. § 1957.[1]  He now appeals *pro se* from his resulting conviction and sentence, arguing that the district court lacked jurisdiction over the matter because the indictment did not allege that the crimes charged were committed on federal land or that they affected interstate commerce. These arguments are frivolous.

To the extent appellant challenges the judicial jurisdiction of the court to adjudicate these charges, his argument fails because Article III of the Constitution vests in the federal courts the power to adjudicate "all cases . . . arising under . . . the laws of the United States," U.S. Const. art. III, § 2, and Congress has conferred on the federal district courts "original jurisdiction . . . of all offenses against the laws of the United States."  18 U.S.C. § 3231.  The indictments here charged violations of federal criminal statutes, and thus brought the cases within the jurisdiction of the United States courts.

To the extent appellant seeks to challenge the facial validity of the indictment, or the constitutionality of the acts of Congress he admitted to violating, such challenges are non-jurisdictional and are thus waived by his guilty plea.  United States v. Lasaga, 328 F.3d 61, 64 (2d Cir. 2003); Hayle v. United States, 815 F.2d 879, 881 (2d Cir. 1987).

---

[1] Appellant also pled guilty to a money laundering charge in violation of 18 U.S.C. § 1956, contained in a separate information brought in the Eastern District of New York, for which he received a concurrent sentence.  He does not appeal the resulting judgment of conviction on that count.

Appellant's effort to cast such objections as "jurisdictional" is unavailing. However, even if we were to accept appellant's characterization of his arguments as "jurisdictional" insofar as they question the legislative jurisdiction of Congress to adopt such statutes, his contentions patently lack merit. As appellant's own arguments implicitly acknowledge, Congress's power is not limited to punishing crimes within the territorial and maritime jurisdiction of the United States as defined in 18 U.S.C. § 7. Rather, Congress may enact criminal legislation in furtherance of any of the powers conferred on it by the Constitution, including the power to regulate interstate and foreign commerce. U.S. Const. art. I, § 8, cl. 3; see United States v. Lopez, 514 U.S. 549 (1995). The power to prohibit money laundering is within that power, United States v. Goodwin, 141 F.3d 394, 399 (2d Cir. 1997), as is the power to protect the financial integrity of federally-insured financial institutions, United States v. Stavroulakis, 952 F.2d 686, 694 (2d Cir. 1992). Where Congress has enacted a valid criminal statute, an indictment is valid if it generally tracks the language of the statute, and states the approximate time and place of the commission of the offense, United States v. LaSpina, 299 F.3d 165, 177 (2d Cir. 2002); there is no separate or special requirement that the interstate commerce basis of the statute be alleged. The indictment here satisfied that standard. Indeed, with respect to the money laundering counts, the charging instrument here *did* specifically allege an effect on interstate commerce, and thus satisfies even the standard erroneously advocated by appellant.

3

For the foregoing reasons, the judgment of conviction is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court