11-746-cr
United States v. Preston

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of October, two thousand twelve.

PRESENT: CHESTER J. STRAUB,
         ROBERT D. SACK,
         DENNY CHIN,
                  Circuit Judges.

- - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                    11-746-cr

MARSHAY J. PRESTON,
         Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - -x


FOR APPELLEE:                    MONICA J. RICHARDS (Stephan J.
                                 Baczynski, on the brief), Assistant
                                 United States Attorneys, for
                                 William J. Hochul, Jr., United
                                 States Attorney for the Western
                                 District of New York, Buffalo, New
                                 York.


FOR DEFENDANT-APPELLANT:         NICHOLAS J. PINTO, ESQ., New York,
                                 New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Marshay J. Preston appeals his conviction entered on February 22, 2011 in the United States District Court for the Western District of New York (Larimer, J.) for: (1) possession of cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 851 ("Count One"); (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) ("Count Two"); (3) possession of a firearm and ammunition as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count Three"); and (4) possession of a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count Four"). On October 29, 2009, Preston pleaded guilty to Counts Three and Four, and entered a plea of nolo contendere to Counts One and Two. The district court sentenced Preston principally to a term of imprisonment of 204 months, consisting of 144 months on Count One, 60 months on Count Two (consecutively to the sentence imposed on Count One), and 120 months on each of Counts Three and Four (concurrently with the sentences imposed on Counts One and Two).

On appeal, Preston argues that: (1) the district court accepted his plea to Count Two without establishing a sufficient factual basis; (2) his plea was not entered knowingly; and (3)

the district court denied his request for a full hearing to determine certain facts relevant to sentencing. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

1.   Factual Basis for Count Two

Preston argues that his conviction on Count Two should be vacated because the district court lacked a sufficient factual basis to conclude that the charged firearms were possessed in furtherance of a drug trafficking crime. See 18 U.S.C. § 924(c)(1). Preston contends that the district court was required to find a factual basis for his plea to Count Two because he intended to enter a guilty plea pursuant to North Carolina v. Alford, 400 U.S. 25 (1970), rather than a plea of nolo contendere. See Alford, 400 U.S. at 37-38 (holding that court may accept guilty plea despite defendant's protestations of factual innocence where court finds factual basis for plea and plea was voluntary and intelligent).

Where, as here, a defendant raises on appeal a claim of error pursuant to Rule 11 of the Federal Rules of Criminal Procedure that he did not raise in the district court, we review for plain error. United States v. Torrellas, 455 F.3d 96, 103 (2d Cir. 2006).

Rule 11(b)(3) requires a district court, prior to entering judgment on a plea, to "determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). Rule 11 does not require the district court to determine whether the

-3-

defendant is guilty by a preponderance of the evidence or to predict whether a jury would find him guilty beyond a reasonable doubt. United States v. Maher, 108 F.3d 1513, 1524 (2d Cir. 1997). Rather, the court must "assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." Id. In establishing the factual basis for a plea, "[a] court may rely on defendant's own admissions, information from the government, or other information appropriate to the specific case." United States v. Andrades, 169 F.3d 131, 136 (2d Cir. 1999).

Assuming arguendo that the district court was required to establish a factual basis for Preston's plea to Count Two, we conclude that the record provides an adequate factual basis for his conviction for possession of a firearm in furtherance of a narcotics trafficking crime. A person may be convicted for "mere possession of a firearm" pursuant to 18 U.S.C. § 924(c)(1)(A) so long as "that possession is 'in furtherance of' a drug trafficking crime." United States v. Lewter, 402 F.3d 319, 321 (2d Cir. 2005). To satisfy the "in furtherance" element, the Government must demonstrate a "specific 'nexus' between the charged firearm and the charged drug selling operation." United States v. Snow, 462 F.3d 55, 62 (2d Cir. 2006) (quoting United States v. Finley, 245 F.3d 199, 203 (2d Cir. 2001)). Whether such a nexus exists is a fact-intensive inquiry, and courts look to many factors, including but not limited to "the type of drug activity that is being conducted,

-4-

accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found."  Id. at 62 n.6 (quoting United States v. Ceballos-Torres, 218 F.3d 409, 414-15 (5th Cir. 2000)).

At Preston's plea hearing, the Government proffered that a search of Preston's residence yielded four guns (three of them loaded, one with an obliterated serial number), numerous rounds of ammunition, 0.99 grams of cocaine, two digital scales, unused ziplock bags of the kind used to distribute drugs, and a surveillance camera that streamed live video of the front of the residence.  The Government also submitted a memorandum referencing Preston's written statement that the cocaine and three of the four recovered guns belonged to him, that he had tried to cook the cocaine into cocaine base, and that he sold crack at a rate of $500 per week.  Even if, as Preston told police, he did not sell drugs from his house or have firearms present during drug transactions, "[p]ossession of a firearm to defend a drug stash clearly furthers the crime of possession with intent to distribute the contents of that stash."  Lewter, 402 F.3d at 322.

Accordingly, we are satisfied that there was an adequate factual basis for Preston's plea to Count Two, and the district court's decision to accept Preston's plea was not plainly or otherwise erroneous.

2.    <u>Knowing Plea</u>

Preston next argues that his plea was not knowing because he mistakenly believed he had preserved his right to appeal the district court's earlier denial of a motion to suppress Preston's post-arrest statement and the district court made no effort to correct that misunderstanding.

As noted above, because Preston did not raise this objection before the district court, we review for plain error. <u>See</u> <u>Torrellas</u>, 455 F.3d at 103.  We consider the entire record when determining whether a Rule 11 violation occurred and in assessing the effect of a likely error.  <u>Id.</u>

Contrary to Preston's contention, the record contains no evidence that he believed or was advised that he could preserve his right to appeal the denial of his motion to suppress.  Although defense counsel stated that the court could admit Preston's post-arrest statement "for plea purposes" but that Preston was "not necessarily adopting either the voluntariness or the reliability of the statement by virtue of its admission at these proceedings," counsel's statement, without more, is insufficient to show that Preston believed he had preserved his right to appeal the district court's earlier decision.  It is well settled that a defendant's plea of guilty waives all non-jurisdictional challenges unless the defendant reserves such issues for appeal in writing with the consent of the court and the Government.  <u>Hayle v. United States</u>, 815 F.2d 879, 881 (2d Cir. 1987); <u>see</u> Fed. R. Crim. P. 11(a)(2) ("With the

consent of the court and the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion.").  Defense counsel did not request a conditional plea, nor did he seek the Government's or the court's consent to a conditional plea.

Further, during the plea colloquy, the district court advised Preston that his plea would waive many of his rights but would not preclude him from appealing his sentence on the grounds that it was not properly considered or that it was in violation of 18 U.S.C. § 3553(a) or the Sentencing Guidelines.  Preston also confirmed his understanding that he would not be able to withdraw his guilty plea if he was unhappy with the sentence or had second thoughts.  The district court was not required to specifically inquire whether Preston understood that a guilty plea would waive his right to appeal the earlier denial of his motion to suppress.  See United States v. Broce, 488 U.S. 563, 573 (1989) (stating that "conscious waiver is [not] necessary with respect to each potential defense relinquished by a plea of guilty").

Under these circumstances and based on the entire record, we are satisfied that Preston's plea was knowing and voluntary.

3.  Procedural Reasonableness

Finally, Preston contends that the district court abused its discretion by denying his request for a full

evidentiary hearing as to a recorded conversation that the court considered relevant to sentencing.

Sentencing courts have broad discretion to consider information relevant to sentencing. United States v. Watts, 519 U.S. 148, 151 (1997) (per curiam); see also 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). A district court is not required to hold a full-blown evidentiary hearing to address sentencing disputes. United States v. Slevin, 106 F.3d 1086, 1091 (2d Cir. 1996). Rather, the court must simply "afford the defendant some opportunity to rebut the Government's allegations." Id. (internal quotation marks omitted). We review the district court's choice of procedure to decide sentencing disputes for abuse of discretion. Id.

Here, the record reflects that the district court afforded Preston an opportunity to rebut the Government's allegations by contesting the reliability of the recording and placing it in context. Preston's counsel challenged the reliability of the recorded conversation both in a written sentencing submission and at the sentencing hearing. In addition, Preston addressed the recording during his own remarks at the sentencing hearing. The court was not required to conduct a full-blown hearing to allow Preston to rebut the Government's allegations. Accordingly, we find that the district court did

not abuse its discretion when it denied Preston's request for a hearing.

*     *     *

We have considered Preston's remaining arguments and find them to be without merit.  Accordingly, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:<br>
CATHERINE O'HAGAN WOLFE, CLERK