17-786-cr
United States v. Harris

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of February, two thousand eighteen.

PRESENT: BARRINGTON D. PARKER,
PETER W. HALL,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.                                                  No. 17-786-cr

JEREMY W. HARRIS,

*Defendant-Appellant*.

For Appellant:                    John A. Kuchera, Waco, Texas.

For Appellee:                     Monica J. Richards, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Wolford, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Jeremy W. Harris ("Harris") appeals from the judgment of the district court convicting him, after pleading guilty pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, of one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a). On appeal Harris argues that the district court lacked subject matter jurisdiction in his case because the Information charging him with a violation of 18 U.S.C. § 1951 does not allege that his conduct had a substantial effect on interstate commerce. Likewise, Harris claims that there are insufficient facts to support his guilty plea because the theft of a can of beer and a package of cigarettes from a 7-Eleven convenience store does not have a substantial effect on interstate commerce.

We review the sufficiency of a charging instrument *de novo*. *United States v. Geibel*, 369 F.3d 682, 698 (2d Cir. 2004). When, as in this case, the defendant fails to object to a purported Rule 11 violation before the district court, we review for plain error. *United States v. Youngs*, 687 F.3d 56, 59 (2d Cir. 2012). In so doing, we assume the parties' familiarity with the facts and record of the prior proceedings, which we reference only as necessary to explain our decision to affirm the district court's decision.

## I.      The Sufficiency of the Information

"In order to sustain a challenge to the district court's jurisdiction, the defendant who has pleaded guilty must establish that the face of the [charging instrument] discloses that the count or

counts to which he pleaded guilty failed to charge a federal offense." *Hayle v. United States*, 815 F.2d 879, 881 (2d Cir. 1987). Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that an information contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." In a Hobbs Act prosecution, we do not require that an information "specify the precise nature of the effect upon interstate commerce that the government intends to prove at trial." *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998). Rather, a charging instrument is sufficient so long as it (1) "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend" and (2) "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974).

Here, the Information specifies that Harris robbed a 7-Eleven on August 19, 2015. The Information alleges that Harris "did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce" by robbery, in violation of 18 U.S.C. § 1951. The Information further specifies that Harris's crime involved theft of commercial goods from a commercial establishment. The Information, therefore, was sufficient to provide the district court subject matter jurisdiction because it contains the essential elements of a Hobbs Act robbery and contains enough detail to enable Harris to prepare for his defense and to bar future prosecutions for the same conduct.

## II. Rule 11 Violation

Harris claims that there were insufficient facts to support his guilty plea because the theft of a beer and a package of cigarettes from a 7-Eleven does not have a substantial effect on

3

interstate commerce.[1]   In his view, if his crime "comes within the ambit of the Hobbs Act, then the Hobbs Act has completely swallowed every local robbery in America."   Appellant's Br. at 17.

The Hobbs Act makes it unlawful "in any way or degree" to obstruct, delay, or affect "commerce or the movement of any article or commodity in commerce, by robbery or extortion . . . ."   18 U.S.C. § 1951(a).   In a Hobbs Act prosecution, the requirement that the robbery affect interstate commerce is an element of the offense charged and jurisdictionally "critical" because federal jurisdiction rests on interference with interstate commerce.   *Stirone v. United States*, 361 U.S. 212, 218 (1960).   Importantly, however, the government's burden in proving a nexus to interstate commerce is minimal.   *United States v. Shareef*, 190 F.3d 71, 75 (2d Cir. 1999).   The Hobbs Act "regulates activities which, in the aggregate, have a substantial effect on interstate commerce; hence, the '*de minimis* character of individual instances arising under [the] statute is of no consequence.'"   *United States v. Elias*, 285 F.3d 183, 188 (2d Cir. 2002) (quoting *United States v. Leslie*, 103 F.3d 1093, 1100 (2d Cir. 1997)).   Indeed, the government may establish an interstate nexus by introducing evidence that the robbery was of a business that purchases commodities that travel "in interstate commerce."   *United States v. Jones*, 30 F.3d 276, 285 (2d Cir. 1994).   Likewise, we have held that the robbery of a local enterprise may affect interstate commerce "if the robbery impairs the ability of the local enterprise to acquire—whether from out-of-state or in-state suppliers—goods originating out-of-state."   *Elias*, 285 F.3d at 189.

---

[1] In entering into the Rule 11(c)(1)(C) plea agreement, Harris agreed to waive his right to appeal or collaterally attack his sentence.   This waiver does not affect our Rule 11 analysis because we do not strictly enforce appeal waivers where the defendant alleges an insufficient factual basis for the plea.   *United States v. Adams*, 448 F.3d 492, 497 (2d Cir. 2006).

4

In this case, the factual basis supporting Harris's plea demonstrates that his crime affected interstate commerce. In pleading guilty, Harris accepted that he stole a can of beer and a package of cigarettes from a 7-Eleven convenience store. He agreed that 7-Eleven operates stores all over the country and that 7-Eleven purchases goods to stock its shelves from vendors located both within and outside of New York. On these facts, the government established a sufficient nexus between Harris's crime and interstate commerce.

We have considered Harris's remaining arguments on appeal and find them to be without merit. We **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court