11-2505-cr
*United States v. Rodriguez*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of November, two thousand twelve.

PRESENT:

> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> SUSAN L. CARNEY,
>
> *Circuit Judges.*

———————————————————————

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                              No. 11-2505-cr

ALEXIS RODRIGUEZ, a/k/a JOHN DOE, a/k/a
ALEX RODRIGUEZ, a/k/a ALEX FERNANDEZ,
a/k/a ALEXIS FERNANDEZ,

*Defendant-Appellant.*

———————————————————————

**FOR DEFENDANT-APPELLANT:**          WAYNE R. YOUNG, Norwich, VT.

**FOR APPELLEE:**                     MARISA MEGUR SEIFAN (Susan Corkery, *on the brief*), *for* Loretta E. Lynch, United States

1

Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Following a plea agreement, defendant-appellant Alexis Rodriguez pleaded guilty to (1) conspiracy to commit robbery in violation of 18 U.S.C. § 1951(a), and (2) possession of a weapon as a felon in violation of 18 U.S.C. § 922(g)(1). The District Court accepted Rodriguez's plea, finding adequate factual support for both charges, and sentenced Rodriguez to a prison term of 131 months. On appeal, Rodriguez argues that the District Court lacked a sufficient factual basis to accept his guilty plea with respect to both counts, thus violating Rule 11(b)(3) of the Federal Rules of Criminal Procedure. We assume the parties' familiarity with the facts and procedural history of this case, which we briefly summarize below.

## BACKGROUND

In September 2009, the government arrested Rodriguez for being a felon in possession of a weapon. The charge stemmed from his sale of a weapon to a confidential informant in a Home Depot parking lot on April 9, 2009. Rodriguez later admitted that he had also previously conspired to steal cocaine from a drug dealer. Rodriguez cooperated with the government, agreeing in a plea agreement to waive indictment, proceed before a magistrate, and plead guilty to (1) conspiracy to commit robbery in violation of 18 U.S.C. § 1951(a), and (2) possession of a weapon as a felon in violation of 18 U.S.C. § 922(g)(1). At a plea colloquy held on October 29, 2009 before Magistrate Judge Robert M. Levy, Rodriguez pleaded guilty to both counts. Testifying under oath, Rodriguez explained the factual basis for both charges.

With regard to the robbery charge, Rodriguez explained at the plea colloquy: "Me and three other guys, we planned to rob a drug dealer [in 2005] and at the time we waited for him at his house [in Queens] and . . . one of the guys had a vest and a badge and a flashlight pretending he was cop." App'x 41. Rodriguez further testified that he and his coconspirators intended to steal cocaine but that they aborted the plan when the drug dealer failed to come home. The government represented that "the intended thing to be stolen was cocaine which arrived in New York . . . obviously from another state." *Id.* at 43.

With regard to the felon-in-possession charge, Rodriguez testified that he had possessed and sold a P-89 Ruger firearm, along with ammunition, in April 2009. He also testified that he had been

2

convicted of felony rape in the third degree in 2003. The Magistrate Judge asked, "[i]s the government prepared to prove that the gun was in interstate commerce?" App'x 45. The government responded yes.[1] *Id.*

The Magistrate Judge then recommended that the District Judge find that Rodriguez had knowingly and voluntarily pleaded guilty and "that there is a factual basis for the plea, that [Rodriguez] did, in fact, commit the acts that were alleged in the information." App'x 46. This recommendation to accept Rodriguez's plea was adopted by Judge Johnson.

Based on Rodriguez's failure to abide by the terms of the plea agreement, the government successfully moved on April 30, 2010 to terminate the cooperation agreement.[2] Prior to sentencing, the District Court ordered that Rodriguez undergo two competency examinations. During those examinations, Rodriguez told the examining forensic psychologist that at his plea colloquy he had fabricated the story about conspiring to commit robbery. In her report to the Court, the forensic psychologist stated:

> After having time to process the potential consequences and now facing sentencing, Mr. Fernandez-Rodriquez voices regret. He claims to have poorly understood the conditions of the plea and believed the only consequence would be his release from custody. Despite this, the transcript reveals a contradiction to his story. This, in combination with the lack of any evidence indicating the presence of a significant mental disease or defect, suggests the defendant was not mentally compromised at the time of his plea agreement. Therefore, his efforts to disregard his cooperation agreement appear to be the product of a desperate attempt to avoid a potentially lengthy prison term.

App'x 93. The psychologist concluded that Rodriguez was competent at the time of his plea. *Id.*

Notwithstanding the statements he had made during the competency examination, at sentencing Rodriguez did not contest his guilty plea, including the factual basis for that plea. Instead, the defense urged the Court to consider Rodriguez's prior cooperation, and especially his voluntary disclosure that he had conspired to commit robbery. Without objection by either party, the Court calculated under the U.S. Sentencing Guidelines that Rodriguez's offense level was 29 and his criminal-history category was VI, thus producing an advisory sentencing range of 151 to 188

---

[1] Indeed, the affidavit in support of Rodriguez's arrest warrant stated that an ATF interstate-nexus expert had concluded that the gun and ammunition Rodriguez had sold to a confidential informant "were manufactured outside the State of New York." App'x 4.

[2] Despite his promise to cooperate with the government, Rodriguez failed to provide any useful information to the government and was disrespectful to government agents. Rodriguez also violated the plea agreement by failing to inform his Pre-Trial Services Officer that he was arrested on April 14, 2010.

months' imprisonment. The defense acknowledged this range but urged the court to sentence Rodriguez to between 110 and 137 months—the applicable range if Rodriguez had been charged solely with possession of a weapon by a felon. The District Court then sentenced Rodriguez to serve concurrent prison sentences of 131 months on the robbery count, and 120 months on the felon-in-possession count.

On appeal, where Rodriguez is represented by new counsel, Rodriguez's sole argument is that the District Court lacked an adequate factual basis to accept his guilty plea under Rule 11(b)(3) of the Federal Rules of Criminal Procedure. With respect to the robbery charge, Rodriguez argues that the District Court made its finding on "the barest of factual allegations," Appellant's Br. 19— namely, Rodriguez's "bare admission to a vague conspiracy four years earlier without identifying the co-conspirators, the victim, the exact location of the offense, or other specific details about the supposed robbery," *id.* at 20. Rodriguez further argues that the proceedings leading to the plea colloquy were "rushed," *id.*, and that the Court also lacked a sufficient factual basis to find that the cocaine he was intending to steal had traveled in interstate commerce, *id.* With respect to the felon-in-possession charge, Rodriguez argues that the District Court lacked an adequate factual basis to find that the relevant firearm had traveled in interstate commerce. *Id.* at 21.

## DISCUSSION

### A.

Rule 11(b)(3) of the Federal Rules of Criminal Procedure provides that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea."[3] This rule requires a district court to "'assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty.'" *United States v. Garcia*, 587 F.3d 509, 514 (2d Cir. 2009) (quoting *United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir. 1997)). As the Fifth Circuit summarized, "Rule 11(b)(3) requires a district court taking a guilty plea to make certain that the *factual* conduct admitted by the defendant is sufficient as a *matter of law* to establish a violation of the statute to which he entered his plea." *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010).

---

[3] The current Rule 11(b)(3) replaced the former Rule 11(f), with only stylistic changes. *See* Fed. R. Crim. P. 11 advisory committee's note (2002) ("The language of Rule 11 has been amended and reorganized as part of the general restyling of the Criminal Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only, except as noted below."). Accordingly, we have fully adopted prior jurisprudence regarding the former Rule 11(f) when construing the stylistically revised Rule 11(b)(3). *See, e.g.*, *United States v. Adams*, 448 F.3d 492, 500 n.3 (2d Cir. 2006) (noting the continued vitality of prior precedent regarding the necessary factual basis for accepting a guilty plea despite substantial revisions in Rule 11). The former Rule 11(f) provided: "Determining Accuracy of Plea. Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." *See Libretti v. United States*, 516 U.S. 29, 38 (1995) (quoting Rule 11(f) in full).

When evaluating the factual basis for a plea under Rule 11(b)(3), a district court need not weigh evidence or make any factual findings. *Maher*, 108 F.3d at 1524–25. "Indeed, when the court considers a plea of guilty prior to trial, it often has no actual evidence to assess." *Id.* In short, the rule simply ensures that "the facts of the case fit the elements of the crime." *United States v. Smith*, 160 F.3d 117, 121 n.1 (2d Cir. 1998). This inquiry satisfies the rule's purpose of "'protect[ing] a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.'" *Id.* at 121 (quoting *McCarthy v. United States*, 394 U.S. 459, 467 (1969)).

In evaluating whether there is a factual basis for a guilty plea, "the court is not limited to an examination of the defendant's plea allocution, but may look more broadly to any facts on the record at the time of the plea proceeding." *Garcia*, 587 F.3d at 514 (internal quotation marks omitted). "[S]o long as the facts relied on are placed on the record at the time of the plea, the district court, in determining whether there was a factual basis for the plea, is free to rely on any facts at its disposal—not just the admissions of the defendant." *Maher*, 108 F.3d at 1524–25 (alteration and internal quotation marks omitted). Because Rule 11(b)(3) focuses on the *alleged* facts to which the defendant admits by pleading guilty, the district court may even rely on "'representations . . . of the attorneys for the government'" when considering whether there is a sufficient factual basis for the guilty plea. *United States v. Culbertson*, 670 F.3d 183, 190 (2d Cir. 2012) (quoting *Maher*, 108 F.3d at 1524).

"We review for abuse of discretion the district court's finding that the record furnishes a factual basis sufficient to support the plea." *United States v. Smith*, 160 F.3d 117, 122 (2d Cir. 1998). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal citations, quotation marks, and alteration omitted).[4]

**B.**

Rodriguez's argument misconstrues the operation and purpose of Rule 11(b)(3). Rodriguez focuses on the lack of proof for several elements of the two charges, yet Rule 11(b)(3) simply requires that the facts fit the elements of the offense. *Garcia*, 587 F.3d at 514; *Smith*, 160 F.3d at 121. As we have explained, Rule 11(b)(3)

---

[4] The government correctly points out that "where a defendant raises on appeal a claim of Rule 11 error that he did not raise in the district court, that claim is reviewable only for plain error." *United States v. Torrellas*, 455 F.3d 96, 103 (2d Cir. 2006). However, because we conclude that the District Court did not err at all, we need not examine whether it plainly erred.

5

does not focus on the factual sufficiency or persuasiveness of the government's evidence but rather on the relationship between (a) the law and (b) the acts the defendant admits having committed, along with other pertinent facts culled by the court from the government's proffer or from elsewhere. Questions that a defendant might raise as to which of competing inferences should or might be drawn, or whether there are innocent explanations for behavior that could be viewed as culpable, do not survive his plea of guilty.

*Maher*, 108 F.3d at 1529.

With regard to the robbery charge, it makes no difference that Rodriguez's admission was "bare," omitting particular details such as the exact location of the planned robbery, the precise dates, and the names of his coconspirators. Appellant's Br. 20. The District Court needed only to determine as a matter of law that Rodriguez's acts satisfied the elements of conspiracy to commit robbery. Rodriguez's admission that he conspired to rob a drug dealer in 2005 clearly satisfied the relevant elements of the crime.

Rodriguez is also mistaken that the District Court lacked a sufficient factual basis with respect to the interstate-nexus element of each charge. When considering the factual basis for a plea, a district court need not consider evidence from the government regarding the interstate-commerce element, nor must the district court make any factual findings.[5] Rather, the court must ensure that the defendant is aware of all the elements of the offense and has acknowledged actions that violate the charged offense. Accordingly, "'representations . . . of the attorneys for the government'" at the plea colloquy may satisfy this requirement, *Culbertson*, 670 F.3d at 190 (quoting *Maher*, 108 F.3d at 1524), and all the government need allege is "the possibility or potential of an effect on interstate commerce, not an actual effect," *United States v. Needham*, 604 F.3d 673, 680 (2d Cir. 2010) (quotation marks omitted). This nexus requirement is satisfied "when the [object] in question has previously moved in interstate commerce." *United States v. Lucky*, 569 F.3d 101, 108 (2d Cir. 2009).

Here, the government stated at the plea colloquy that the cocaine at issue "obviously" came from outside New York and that the prosecution was prepared to prove this fact at trial. App'x 43. Rodriguez and his counsel never disputed these representations, which provided a sufficient factual basis for this aspect of Rodriguez's guilty plea. *See Culbertson*, 670 F.3d at 190; *Needham*, 604 F.3d at 680. Moreover, all cocaine enters New York from some other state, or another country, so the

---

[5] To be sure, a guilty plea does not waive challenges to a court's jurisdiction, *see United States v. Lasaga*, 328 F.3d 61, 63 (2d Cir. 2003), and courts often mistakenly refer to interstate-commerce nexus requirements as "jurisdictional," *see United States v. Spears*, --- F.3d ---, 2012 WL 4372522, at *8 n.5 (7th Cir. 2012). Where a defendant pleads guilty, however, the government need only *allege*—not prove—the requisite interstate-commerce nexus in order to establish the federal court's jurisdiction. *See Hayle v. United States*, 815 F.2d 879, 881–82 (2d Cir. 1987).

interstate-commerce element in cocaine-related cases may be proved through inference without any evidence. *See Needham*, 604 F.3d at 680. Finally, Rodriguez argues that the proceedings leading up to the plea colloquy were "rushed," Appellant's Br. 20, but he has not offered any reason for us to conclude that his guilty plea was unknowing or involuntary.

With regard to the felon-in-possession charge, Rodriguez argues that the District Court lacked an adequate factual basis to find that the relevant firearm had traveled in interstate commerce, but again he misconstrues Rule 11(b)(3). The government's representation at the plea colloquy that Rodriguez's weapon had traveled across state lines—representations that were never disputed by Rodriguez or his counsel in open court and on the record—provided a sufficient factual basis for this aspect of Rodriguez's guilty plea. *Culbertson*, 670 F.3d at 190; *Lucky*, 569 F.3d at 108. In sum, the record provides no basis to conclude that Rodriguez was not fully aware when pleading guilty that he was admitting to having possessed a weapon that had traveled in interstate commerce.

## CONCLUSION

We have considered all of Rodriguez's arguments on appeal and find them to be without merit. Accordingly, for the reasons stated above, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk