SUMMARY ORDER
Defendant Srinivas Kasi appeals from a judgment of conviction entered on June 18, 2008, in the United States District Court for the Southern District of New York. After a plea of not guilty, a jury convicted *691 defendant of one count of conspiracy to commit food stamp fraud in violation of 18 U.S.C. § 371; one count of food stamp fraud in violation of 7 U.S.C. §§ 2024(b)(1), 2016 and 7 C.F.R. § 278.2; and one count of theft of food stamp benefits in violation of 18 U.S.C. § 641. The District Court sentenced defendant primarily to 57 months’ imprisonment. On appeal, defendant argues as follows: (1) the evidence introduced at trial was insufficient to establish that the food stamp funds were money of the United States; (2) the District Court erred in denying defendant’s motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure; (3) the District Court erred in using an unreasonable estimate of the loss that caused by defendant for the purposes of sentencing; (4) the District Court erred in failing to consider disparities in sentencing among co-defendants; and (5) the District Court erred in applying a two-level abuse-of-trust enhancement for the purpose of calculating defendant’s sentence under the United States Sentencing Guidelines (the “Guidelines”). We assume the parties’ familiarity with the facts and procedural history of this case.
First, defendant argues that the evidence presented at trial was insufficient to establish that the food stamp funds were money of the United States within the meaning of 18 U.S.C. § 641[1] Because “the task of choosing among competing, permissible inferences is for the ¡jury and] not for the reviewing court,” United States v. McDermott, 245 F.3d 133, 137 (2d Cir.2001), we are required to review the evidence “in the light most favorable to the government,” United States v. Gas-kin, 364 F.3d 438, 459 (2d Cir.2004), and “resolve all issues of credibility in favor of the jury’s verdict.” United States v. Desena, 287 F.3d 170, 177 (2d Cir.2002) (quotation marks omitted). See generally Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under our precedent, it is well established that federal grant money or property “remains money ‘of the United States’ within the meaning of § 641, notwithstanding prior transfer to a local administrator, so long as the government exercises supervision and control over the funds and their ultimate use.” United States v. McKay, 274 F.3d 755, 758 (2d Cir.2001) (quotation marks omitted). To satisfy the “supervision and control” requirement, the government need not show “more than federal regulations governing the handling of the money.” Id. Whether the federal government retains the necessary supervision and control over funds for them to remain money of the United States is a question of fact for the jury. See Hayle v. United States, 815 F.2d 879, 882 (2d Cir.1987).
At trial, the prosecution presented sufficient evidence for a jury to conclude that the food stamp funds were property of the United States. Witnesses included a United States Department of Agriculture (“USDA”) official who explained that the food stamp program is a partnership between the federal government and state and local agencies in which the federal government provides funds to state and local agencies to distribute through the food stamp program. This witness further testified that state and local agencies must comply with federal regulations governing eligibility for and use of food stamps. Fi *692 nally, the witness testified that stores must comply with numerous federal requirements and apply for authorization with the USDA to participate in the food stamp program. Taken together, we conclude that this evidence is more than sufficient for a jury to conclude that the food stamp funds were money of the United States for the purposes of § 641.
Next, defendant argues that the District Court erred in denying his motion for a new trial based on the government’s rebuttal summation. The Federal Rules of Criminal Procedure allow courts to “vacate any judgment and grant a new trial if the interest of justice so requires,” Fed. R.Crim.P. 33(a), but “motions for a new trial are disfavored in this Circuit,” United States v. Gambino, 59 F.3d 353, 364 (2d Cir.1995). Accordingly, district courts should only grant motions for new trials if there is “a real concern that an innocent person may have been convicted.” United States v. Ferguson, 246 F.3d 129, 134 (2d Cir.2001) (quotation marks omitted). We review this decision only for “abuse of discretion.” United States v. Guang, 511 F.3d 110, 119 (2d Cir.2007); cf. Sims v. Blot, 534 F.3d 117, 132 (2d Cir.2008) (“A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions.” (internal citations, alteration, and quotation marks omitted)). We agree with the District Court that the government’s argument in the rebuttal summation-that defendant’s $46,000 wire transfer to his wife the day after his business partners were arrested was evidence of guilt-was a reasonable inference from the evidence presented at trial. Furthermore, there was abundant evidence of defendant’s guilt, so any erroneous inference drawn would be harmless error, as it would not have changed the outcome of the trial. Accordingly, we conclude that the District Court did not err in denying defendant’s motion for a new trial.
Third, defendant argues that the District Coui't erred in using an unreasonable estimate of loss that defendant’s offenses caused for the purposes of sentencing. We review a sentence for procedural and substantive reasonableness, which is akin to review under an “abuse-of-discretion” standard. See, e.g., United States v. Sanchez, 517 F.3d 651, 660 (2d Cir.2008); see also Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). It is well established that a district court “need not establish the loss with precision but rather need only make a reasonable estimate of the loss, given the available information.” United States v. Uddin, 551 F.3d 176, 180 (2d Cir.2009) (quotation marks omitted). Because other reasonable estimates of the loss amount were as much as twice the size of the District Court’s calculation, we conclude that the $422,352 loss estimate used by the District Court was reasonable.
Fourth, defendant argues that the District Court ei*red in failing to consider disparities in sentencing among co-defendants. Under 18 U.S.C. § 3553(a)(6), a sentencing court must consider “the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.” Here, the District Court determined that Kasi and his co-defendants were not similarly situated. Kasi was the only defendant to plead not guilty and proceed to trial. Furthermore, the District Court found that Kasi was more culpable than his co-defendants because he was the organizer and manager of the fraud scheme. For these reasons, we conclude that the District Court did not err by sentencing Kasi to a longer term of imprisonment than his co-defendants.
*693 Finally, Kasi argues that the District Court erred in applying a two-level abuse-of-trust enhancement pursuant to U.S.S.G. § 3B1.3 for the purpose of calculating defendant’s sentence under the Guidelines. That section provides for a two-level enhancement of a defendant’s offense level “[i]f the defendant abused a position of public or private trust ... in a manner that significantly facilitated the commission or concealment of the offense.” U.S.S.G. § 3B1.3. Whether someone occupies a position of trust “turns on the extent to which the position provides the freedom to commit a diffieult-to-detect wrong.” United States v. Allen, 201 F.3d 163, 166 (2d Cir.2000) (quotation marks omitted). We agree with the District Court that the case for the abuse-of trust enhancement was “open and shut.” J.A. 228. Kasi, but not his co-defendants, was the person who received authorization from the USDA to participate in the food stamp program and was trained to ensure compliance with the program’s requirements. Furthermore, Kasi was entrusted by the USDA with the primary responsibility to help prevent fraud and abuse. For these reasons, we conclude that it was not an error for the District Court to apply the abuse-of-trust enhancement.
CONCLUSION
For the reasons stated above, the judgment of the District Court is AFFIRMED.

. This statute establishes fines and terms of imprisonment for
[wjhoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof____
18 U.S.C. § 641.