*United States v. Felder (Martin)*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 5ᵗʰ day of February, two thousand eighteen.

Present:    ROBERT A. KATZMANN,
                   *Chief Judge*,
              ROSEMARY S. POOLER,
              CHRISTOPHER F. DRONEY,
                   *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                            *Appellee*,

                   v.                                            No. 17-762

TYRONE FELDER*,* AKA Meme, AKA ManMan,
NICOMEDES FRASQUERI, AKA Nick, FREDRICK
ALLEN, AKA Fox, ANGEL AMERZQUITO, KEVIN
ANTHONY, AKA Kev-O, KELVIN DOUGLAS, AKA 40
Cal, DERRICK FELDER, AKA Unc, ANTHONY
GIVENS, AKA Face, KERI GIVENS, BRIAN HALL,
AKA Tats, ELIJAH HUBBARD, AKA Spazz, TERRELL
JOHNSON, AKA Relin, TYRONE MARGWOOD,
SHANEQUEA MASCALL, AKA Nene, LAMONT OBEY,
AKA Gotti, TOMMY SMALLS, AKA Tommy Gunz,
GEORGE STONE, AKA Jizz, JEROME THOMAS, AKA
Rome, JOHNA THOMAS, AKA Tomboy,

                            *Defendants,*

KAREEM MARTIN, AKA Heavy, AKA Reem, AKA
Jamal Walker,

*Defendant-Appellant.*

---

For Defendant-Appellant:      Arza Feldman, Feldman & Feldman, Uniondale, NY.

For Appellee:      Eli J. Mark, Gina Castellano and Michael Ferrara, Assistant United States Attorneys, Of Counsel, *for* Geoffrey Berman, Interim United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Caproni, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Kareem Martin appeals from a final judgment entered by the district court (Caproni, *J.*) on March 6, 2017, following a jury trial, sentencing him principally to 22 years' imprisonment for one count of narcotics conspiracy and one count of brandishing a firearm during and in relation to a drug trafficking crime. Martin challenges his sentence as substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a sentence for . . . substantive reasonableness under a 'deferential abuse-of-discretion standard.'" *United States v. Thavaraja*, 740 F.3d 253, 258 (2d Cir. 2014) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). We "identif[y] as substantively unreasonable only those sentences that are so 'shockingly high, shockingly low, or otherwise unsupportable as a matter of law' that allowing them to stand would 'damage the administration of justice.'" *United*

2

*States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)).

First, Martin argues that the district court failed to avoid unwarranted sentencing disparities between himself and his co-defendants, in violation of 18 U.S.C. § 3553(a)(6). That is simply not the pertinent comparison, however, as "we have repeatedly made clear that 'section 3553(a)(6) requires a district court to consider nationwide sentence disparities, but does not require a district court to consider disparities between co-defendants.'" *United States v. Ghailani*, 733 F.3d 29, 55 (2d Cir. 2013) (quoting *United States v. Frias*, 521 F.3d 229, 236 (2d Cir. 2008)). Moreover, "a disparity between *non-similarly situated* co-defendants is not a valid basis for a claim of error under 18 U.S.C. § 3553(a)(6)." *United States v. Fernandez*, 443 F.3d 19, 28 (2d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007). Here, Martin was not similarly situated to the co-defendants to whom he compares himself because they pleaded guilty, unlike Martin, and they were subordinate to Martin in their gang's hierarchy. *See e.g.*, *United States v. Kasi*, 348 F. App'x 689, 692 (2d Cir. 2009) (summary order) ("Kasi and his co-defendants were not similarly situated" where "Kasi was the only defendant to plead not guilty and proceed to trial" and "was more culpable than his co-defendants because he was the organizer and manager of the fraud scheme."). Indeed, Tyrone Felder, Martin's co-defendant and the group's leader, received an even lengthier sentence.

Second, Martin contends that the sentence imposed is "greater than necessary," Def. Br. 23, attacking the district court's "fail[ure] to impose the mandatory minimum sentence," *id.* at 24. That argument is unavailing here, where the district court departed significantly *downward* from the Guidelines' sentencing range, which recommended a sentence at least 15 years *longer* than that actually imposed by the district court. *See United States v. Perez-Frias*, 636 F.3d 39, 43

3

(2d Cir. 2011) (per curiam) ("In the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances. It is therefore difficult to find that a below-Guidelines sentence is unreasonable." (internal quotation marks, alterations, and citations omitted)).

Third, Martin asserts that the district court failed to adequately account for aspects of his personal history. "The particular weight to be afforded to aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge," however, and "we are mindful that facts may frequently point in different directions so that even experienced district judges may reasonably differ, not only in their findings of fact, but in the relative weight they accord competing circumstances." *Broxmeyer*, 699 F.3d at 289 (internal citation and quotation marks omitted). Having reviewed the record, we find that the district court properly considered Martin's "unfortunate" and "tragic" background, discussing how Martin "grew up in an impoverished environment with no positive male role models," was "failed by the New York City Public Schools," and was raised, in part, by "a crack-driven father" and "crack-driven aunt." App. 145-46. That the district court did not find those factors to outweigh the "terrible" nature of Martin's crimes and his "incredibly violent" history is not a proper basis for vacating his sentence. *Id.* at 146-47.

Lastly, Martin claims that he was improperly punished for exercising his right to a jury trial. As a preliminary matter, we note that this argument is premised on Martin's belief that he would have received a sentence of approximately five years' imprisonment if he had pleaded guilty, but he fails to point to anything in the record supporting that contested proposition. *See* Fed. R. App. P. 28(a)(8)(A) (requiring brief to contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies").

4

Even assuming *arguendo* that Martin is correct that he could have received a significantly shorter sentence if he had pled guilty, however, he has also failed to demonstrate that the actual sentence imposed was impermissible retaliation for his determination to go to trial, as opposed to a legitimate consequence of his own decision not to accept any plea agreement that may have been offered to him. *See, e.g.*, *Wasman v. United States*, 468 U.S. 559, 568 (1984) ("[D]ue process is not implicated when a prosecutor threatens to seek conviction on a greater offense if the defendant does not plead guilty and in fact does so when the defendant proceeds to trial," which is "a mere by-product of the give-and-take negotiation common in plea bargaining." (internal citation and quotation marks omitted)); *United States v. Tracy*, 12 F.3d 1186, 1202 (2d Cir. 1993) (rejecting similar argument when there was "nothing to indicate that the court sought to penalize [a defendant] for exercising his right to put the government to its proof" and "the court stated several other weighty reasons for the sentence it selected").

We have considered all of the defendant's arguments on this appeal and find in them no basis for vacatur. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5